CHICAGO—FIRST DISTRICT—APRIL, 1917.    409

F. J. Riley Printing Co. v. Bissell Laundry, 205 Ill. App. 409.

## F. J. Riley Printing Company, Appellee, v. Bissell Laundry, Appellant.

### Gen. No. 22,874.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN COURTNEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 30, 1917.

### Statement of the Case.

Action by F. J. Riley Printing Company, a corporation, plaintiff, against the Bissell Laundry, a corporation, defendant, to recover on a contract for advertising. From a judgment for plaintiff, defendant appeals.

DENNIS J. O'TOOLE, for appellant.

LAWTON & PETERSON, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1752*—*judgment affirmed for insufficiency of abstract.* The abstract is the pleading of the parties in the Appellate Court, and if it fails to inform the court as to what the judgment was which the court is asked to reverse, such judgment will be assumed to be correct and will be affirmed.

2. APPEAL AND ERROR, § 888*—*when abstract is insufficient.* In a case where the abstract contained the recital: "Verdict and motion for new trial. Order denying motion for new trial and judgment," *held* that such recital did not inform the court as to the character of either the verdict or judgment.

3. CONTRACTS, § 338*—*what is no defense to action to recover on advertising contract.* In an action to recover for the amount due under a contract for advertising in a publication called "The

*See Illinois Notes Digest, Vols, XI to XV, and Cumulative Quarterly, same topic and section number.

Hamiltonian," where the defendant claimed that it thought it was contracting for such advertising with the Hamilton Club of Chicago, *held* that as the contract was in writing, and did not purport to be with such club, the defendant could not avoid payment by claiming that it executed the contract under the impression that the money was to be paid for the benefit of a party not named in the contract.

## Maude E. Foy, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 22,877.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 30, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Maude E. Foy, plaintiff, against the Chicago City Railway Company, defendant, to recover damages for personal injuries due to being struck by one of defendant's street cars. From a judgment for plaintiff for $5,000, defendant appeals.

BUSBY, WEBER and MILLER, ROBERT J. SLATER and ARTHUR J. DONOVAN, for appellant; JOHN R. GUILLIAMS, of counsel.

JAMES C. McSHANE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 97*—*when pedestrian crossing tracks is not guilty of contributory negligence.* A pedestrian who attempts

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.